**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON**

| | | |
|---|---|---|
| **RANDY SPEARS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 5:21cv00294-DCR** |
| **v.** | ) | |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY OF** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM</u>**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Amended Complaint (the "Complaint"), filed by Plaintiff, Randy Spears, and Lincoln files a counterclaim through its undersigned counsel and states as follows:

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits that Plaintiff was, at certain times, employed by Toyota Motor Engineering & Manufacturing North America, Inc. ("Toyota") and was, at certain times, a participant in the Toyota Motor Engineering & Manufacturing North America, Inc. Long-Term Disability Plan (the "LTD Plan") sponsored by Toyota to provide certain benefits to participating, eligible employees of Toyota. Lincoln admits that it issued Group Disability Income Policy Number GF3-860-066619-01 (the "Policy") to Toyota, which, at certain times, insured benefits from the LTD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is an Indiana Corporation that it is licensed to engage in the business of insurance in the State of Kentucky and that it was properly served in this action. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that the United States District Court for the Eastern District of Kentucky has subject matter jurisdiction over this action and that Plaintiff's claims are governed by ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. To the extent Plaintiff attempts to interpret the Policy or plan documents, Lincoln refers to the Policy and plan documents themselves as the best evidence of their contents. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these

documents themselves as the best evidence of the contents. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy or plan documents, Lincoln refers to the Policy and plan documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln admits it sent a letter to Plaintiff dated August 29, 2020, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it received a letter from Plaintiff's counsel dated February 20, 2021, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits it sent a letter to Plaintiff's counsel dated May 12, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 7 of the Complaint.

8. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. To the extent Plaintiff attempts to interpret the Policy or plan documents, Lincoln refers to the Policy and plan documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln denies the allegations contained in Paragraph 9 of the Complaint.

Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claims for benefits from the LTD Plan under the Policy was arbitrary and capricious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff may not recover damages under state law in this action. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

7. Lincoln reserves the right to assert additional defenses.

**COUNTERCLAIM**

1. In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 13th day of December 2021.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

E. Douglas Richards
Email: edr@richardslawky.com

December 13, 2021 — Date

/s/ Iwana Rademaekers — Iwana Rademaekers