**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON**

| | | |
|---|---|---|
| **RANDY SPEARS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO. 5:21cv00294-DCR** |

**REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

1. Pursuant to the Court's Order of December 13, 2021, and Fed. R. Civ. P. 26(f), a meeting was held on January 12, 2022, and was attended by E. Douglas Richards on behalf of Plaintiff Randy Spears ("Plaintiff") and Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant"), and the Parties discussed the nature and basis of their remaining claims and defenses, the possibility of settlement or resolution of this case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

2. Defendant has already produced to Plaintiff a copy of the ERISA administrative record with its Initial Disclosures. The parties agree that this production will satisfy the requirement for Initial Disclosures for both parties pursuant to FRCP 26(a)(1)(B).

3. The above-styled action is a claim by Plaintiff for recovery of disability benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. Accordingly, the parties request a scheduling

order containing the deadlines suggested in Paragraph (c) below in lieu of the deadlines requested in a standard schedule.

(a) As stated above, Defendant has already produced to Plaintiff a copy of the ERISA administrative record with its Initial Disclosures. The parties agree that this production will satisfy the requirement for Initial Disclosures for both parties pursuant to FRCP 26(a)(1)(B). Any otherwise discoverable electronically stored information generated as part of the claim process has been produced as part of the claim file, and disclosure or discovery of any other information in the nature of ESI can be handled in accordance with the Federal Rules of Civil Procedure. As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff reserves the right to seek conflict of interest discovery. The parties anticipate that discovery can be reasonably completed on or before April 15, 2022.

(b) The deadline for the Parties to amend pleadings or join parties shall be March 4, 2022.

(c) As stated above, this is an ERISA benefits case and the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

- February 4, 2022 - deadline to file stipulated administrative record.
- March 4, 2022 - deadline to join parties and amend the pleadings;
- April 15, 2022 - deadline to complete fact discovery;
- May 15, 2022 - deadline to file cross motions for summary judgment (response due within 30 days).

(d) The parties anticipate that discovery can be reasonably completed on or before April 15, 2022.

(e) The parties will not submit witness or exhibit lists because the case will be submitted for decision via dispositive briefs on the merits. As this is an ERISA benefits case, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. Accordingly, the parties propose the deadlines in paragraph (c) above in lieu of the deadlines requested in a standard schedule.

(f) In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, and as jury trials are not available under ERISA, the parties will request a bench trial and anticipate that it will take 8-12 hours to present the evidence in this case.

(g) In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, the earliest date by which this case should reasonably be ready for trial after due consideration of such motions is September 30, 2022. However, the parties propose the deadlines in paragraph (c) above in lieu of the deadlines requested in a standard schedule.

(h) The Parties do not desire a scheduling conference before entry of a scheduling order.

(i) The Parties will not consent to the referral of this case to a Magistrate Judge for all further proceedings in this case, including trial, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and L.R. 73.1.

Respectfully submitted this 24th day of January 2022.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**AND**

By: /s/ E. Douglas Richards

E. Douglas Richards
E. Douglas Richards, PSC
Chevy Chase Plaza
836 Euclid Avenue, Suite 321
Lexington, KY 40502
Telephone: (859) 259-4983
Email: edr@richardslawky.com

COUNSEL FOR PLAINTIFF